## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

09/06/2017, 11:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.C., <br> *Appellant-Respondent,* <br><br> v. <br><br> Indiana Department of Child Services, <br><br> *Appellee-Petitioner* | September 6, 2017 <br><br> Court of Appeals Case No. 49A02-1704-JC-804 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marilyn A. Moores, Judge <br><br> The Honorable Rosanne Ang, Magistrate <br><br> Trial Court Cause No. 49D09-1608-JC-3231, 49D09-1608-JC-3232, 49D09-1608-JC-3233 |

**Altice, Judge.**

## Case Summary

[1] A.C.'s three minor children were adjudicated Children in Need of Services (CHINS) in December 2016, and a dispositional decree was entered. In March 2017, following a modification hearing, the trial court modified the dispositional decree and ordered A.C. to participate in home-based therapy. A.C. appeals, arguing that the Indiana Department of Child Services (DCS) presented insufficient evidence to support the modification. Determining that the appeal is moot, however, we dismiss without reaching the issue presented.

## Facts & Procedural History

[2] On August 29, 2016, DCS filed the instant CHINS petition, which alleged that A.C. failed to provide her children with a safe and stable environment, free from domestic violence. During a subsequent mediation, A.C. admitted that the children were CHINS and agreed to participate in services. Accordingly, at the fact-finding/dispositional hearing on December 6, 2016, A.C. admitted that the children were CHINS. The trial court adjudicated the children CHINS and ordered A.C. to participate in home-based case management and follow all recommendations. She was also ordered to provide verification of completion of domestic violence classes.

[3] After concerns arose that A.C. was once again having contact with her youngest child's father, with whom she had a significant history of domestic violence, a modification hearing was held on March 23, 2017. Over A.C.'s objection, the trial court granted DCS's request to modify A.C.'s disposition to

include home-based therapy. A.C. appeals from this modification based on a claim of insufficient evidence.

[4] While this appeal was pending, on August 23, 2017, A.C. filed with this court a Verified Notice Regarding Post-Judgment Change in Circumstances (the Notice). In the Notice, A.C. indicated that the CHINS case has been closed and the children have been placed back in her care, custody, and control. A.C. acknowledged in the Notice that this could render the appeal moot, and she asserted no argument against finding the appeal moot.

## Discussion & Decision

[5] An appeal is deemed moot when no effective relief can be rendered to the parties before the court. *In re F.S.*, 53 N.E.3d 582, 590 (Ind. Ct. App. 2016). Generally, when the controversy at issue has been disposed of in a manner that renders it unnecessary to decide the question presented, the appeal will be dismissed. *Id.* A moot case, however, may be decided on its merits when the case involves questions of great public interest or where leaving the judgment undisturbed might lead to negative collateral consequences. *Id.*

[6] Mother makes no argument that we should address the merits of her appeal despite its mootness. Notably, Mother's appeal is not from the initial CHINS adjudication, which could have harmful collateral future consequences. *See In re S.D.*, 2 N.E.3d 1283, 1290-91 (Ind. 2014) (reversing a CHINS adjudication even though child had already been returned to mother's care and the CHINS case had been closed). And her sufficiency challenge to the modification does

not present a question of great public interest. *Cf. In re F.S.*, 53 N.E.3d at 591 ("this case involves a matter of constitutional proportions and is of great public interest"). Accordingly, we dismiss this appeal as moot.

[7] Dismissed.

[8] Baker, J. and Bailey, J., concur.